# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> POLO MASONRY BUILDERS, INC., ) <br> JENNY BUILDERS, INC., ART GUREVICH, ) <br> 2450 N. CLYBOURN LLC., and ANTONIA ) <br> LOPEZ, as Special Administrator of the Estate ) <br> of ROMAN IATSYSHYN, Deceased, ) <br> ) <br> Defendants. ) | No. 17 C 1675 <br><br> Judge Sara L. Ellis |

## OPINION AND ORDER

In February 2017 at a construction site in Lincoln Park, a cinder block hit Roman Iatsyshyn in the head and killed him. Defendant Antonia Lopez, as special administrator of Iatsyshyn's estate, filed a personal injury suit in Illinois state court ("State Suit") against Defendants Jenny Builders, Inc. ("Jenny"), Art Gurevich, 2450 N. Clybourn LLC ("2450 N. Clybourn"), and Polo Masonry Builders, Inc. ("Polo"). Plaintiff Scottsdale Insurance Company ("Scottsdale"), Polo's liability insurer, then filed this action seeking a declaratory judgment that it has no duty to defend or indemnify any of the Defendants. Lopez moves to dismiss or stay the case, arguing that the *Wilton-Brillhart* and *Peppers* doctrines require this Court to refrain from resolving this dispute until the underlying State Suit has been decided. Jenny, Gurevich, and 2450 N. Clybourn (collectively, the "Jenny Defendants") also move to dismiss or stay the case pursuant to the same theories, and they join Lopez's motion as well. Because the Court finds that Scottsdale could prevail on its Injury to Worker Exclusion duty to defend claims without requiring the Court to decide central issues in the State Suit, it denies both motions to dismiss or

stay with regard to those claims. However, as none of the Defendants have been found liable in the State Suit yet, Scottsdale's indemnification claims are not yet ripe and so the Court dismisses those claims. Finally, because the Court agrees that it could not decide Scottsdale's Employer's Liability Exclusion duty to defend claim without deciding questions raised in the State Suit, it grants Lopez and the Jenny Defendants' motion to stay with regard to that claim.

## BACKGROUND

Scottsdale issued Polo a commercial general liability insurance policy (the "Policy") for the January 29, 2017 through January 29, 2018 time period. Two aspects of the Policy are especially relevant to this case: (1) which entities the Policy covers, and (2) what types of bodily injury the Policy covers. First, with regard to which entities the Policy covers, it states that those who are insured includes "any person or organization for whom [Polo is] performing operations when [Polo] and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on [Polo's] policy." Doc. 56-1 at 33.

Second, with regard to what types of bodily injury are covered, the Policy provides that:

> [Scottsdale] will pay those sums that the insured becomes legally obligated to pay as     damages because of "bodily injury" . . . to which this insurance applies. . . . However,   [Scottsdale] will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" . . . to which this insurance does not apply.

*Id.* at 16. The Policy contains an endorsement that modifies the insurance for "bodily injury" called the "Injury to Worker Exclusion." Under the Injury to Worker Exclusion, the Policy replaces the exclusion of employer's liability for bodily injury with a slightly modified provision, which provides that the insurance does not apply to:

> e. Employer's Liability
> "Bodily injury" to:

>     (1) An "employee" of the insured arising out of and in the course
>     of:
> >     (a) Employment by the insured;
> >     (b) Performing duties related to the conduct of the insured's
> >     business; or
>     (2) The spouse, child, parent, brother or sister of that "employee"
>     as a consequence of Paragraph (1) above.
>     This exclusion applies:
>     (1) Whether the insured may be liable as an employer or in any
>     other capacity; and
>     (2) To any obligation to share damages with or repay someone else
>     who must pay damages because of the injury.

Doc. 56-1 at 53. The Court refers to this portion of the Policy as the "Employer's Liability Exclusion." Further, the Injury to Worker Exclusion excludes "bodily injury" to:

> a. An "employee," "leased worker," "temporary worker" or
> "volunteer worker" of any insured;
> b. "Any contractor, subcontractor, sub-subcontractor or anyone
> hired or retained by or for any insured; or
> c. Any employee or anyone directly or indirectly employed by
> such contractor, subcontractor or sub-subcontractor or anyone for
> whose acts such contractor, subcontractor or sub-subcontractor
> may be liable
>
> if such "bodily injury" arises out of and in the course of their
> employment or retention of such contractor, subcontractor or sub-
> subcontractor, regardless of whether or not it is caused in part by
> [Polo].

*Id.* The Court refers to this portion of the Policy as the "Injury to Worker Exclusion."

Unfortunately for all parties, Scottsdale's coverage of "bodily injury" has become relevant because a cinder block fatally hit Iatsyshyn on the head at a construction site located at 2448 North Clybourn Avenue in Chicago, Illinois in February 2017. Shortly after his death, Lopez brought the State Suit for wrongful death against the Jenny Defendants and Polo, alleging that they acted negligently in their operation of the construction site. According to the State Suit complaint, the Jenny Defendants and Polo each owned and/or were in charge of the erection, construction, repairs, alteration, removal, and/or painting of a structure at the construction site.

3

Further, the State Suit complaint alleges that Iatsyshyn "was a temporary worker who had been furnished to POLO MASONRY BUILDERS to meet seasonal or short-term workload conditions." Doc. 56-2 at 24, ¶ 4.

After Lopez filed the State Suit, the Jenny Defendants filed crossclaims in the State Suit against Polo for contribution, express indemnification, and breach of contract, all stemming from Polo's failure to defend and indemnify the Jenny Defendants in the State Suit. These claims remain pending. Scottsdale then filed this suit, seeking declaratory judgment that: (1) it has no duty to defend Polo or the Jenny Defendants pursuant to the Injury to Worker Exclusion, (2) it has no duty to defend Polo pursuant to the Employer's Liability Exclusion, (3) it has no duty to indemnify Polo or the Jenny Defendants pursuant to the Injury to Worker Exclusion, and (4) it has no duty to indemnify Polo pursuant to the Employer's Liability Exclusion.

## ANALYSIS

As an initial matter, all of the Defendants other than Polo have moved to stay or dismiss the case. Polo, on the other hand, has yet to appear. Lopez, as the tort claimant in the State Suit, is a necessary party to this declaratory judgment suit. *See Great W. Cas. Co. v. Mayorga*, 342 F.3d 816, 817 (7th Cir. 2003) ("Under Illinois law, the tort claimant is a necessary party to a suit to determine coverage."). Her practical interest in this declaratory judgment suit deciding the insurance coverage of the defendants in the State Suit gives her standing to move to dismiss or stay the claims against the other Defendants, including Polo. *Id.* (holding that the tort claimant's "practical interest" in the insurance coverage gave her standing to appeal judgment against the insured). Thus, although Polo has yet to appear in the case, the Court will still consider whether it is appropriate to dismiss or stay the claims against it.

## I. Indemnification Claims (Counts VI – X)

Counts VI–X request that the Court issue a declaratory judgment regarding Scottsdale's duty to indemnify the Defendants. Lopez and the Jenny Defendants argue that the Court should dismiss these claims because they are not yet ripe as there has been no finding of liability in the State Suit. Scottsdale responds that the duty to defend is broader than the duty to indemnify, and so to the extent that the Court may find there is no duty to defend, it can also find that there is no duty to indemnify.

The duty to defend is broader than the duty to indemnify; if there is no duty to defend, then there is no duty to indemnify either. *Nat'l Cas. Co. v. McFatridge*, 604 F.3d 335, 338 (7th Cir. 2010) ("If an insurer has no duty to defend, it has no duty to indemnify"). However, duty to indemnify claims are not ripe until a party has established liability, and the Seventh Circuit has made clear that the proper disposition when liability has yet to be established is to dismiss duty to indemnify claims. *Med. Assur. Co. v. Hellman*, 610 F.3d 371, 375 (7th Cir. 2010).

It appears that both sides are correct. If the Court allows Scottsdale's duty to defend claims to go forward, it could essentially decide their duty to indemnify claims as well. But *Hellman* makes clear that the proper disposition of a duty to indemnify claim before liability is decided is dismissal. The state court has not made any findings of liability in the State Suit, and so the Court dismisses Counts VI–X. Going forward, the Court's analysis will focus on Scottsdale's duty to defend claims.

## II. *Wilton-Brillhart* Abstention

Lopez and the Jenny Defendants both move to dismiss or stay this case pursuant to the *Wilton-Brillhart* doctrine. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed.

1620 (1942). The doctrine stems from the permissive language of the Declaratory Judgment Act itself, which provides that district courts "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Accordingly, *Wilton-Brillhart* articulates district courts' substantial discretion to dismiss or stay a case where they are called upon "'to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties.'" *Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 707 (7th Cir. 2014) (quoting *Wilton*, 515 U.S. at 282).

The presence of a related state suit raises "concerns about comity, the efficient allocation of judicial resources, and fairness to the parties." *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 692 (7th Cir. 1995). However, "the mere pendency of another suit is not enough in itself to refuse a declaration." *Id.* (citation omitted) (internal quotation marks omitted). The Seventh Circuit has instructed courts to consider, among other matters:

> whether the declaratory suit presents a question distinct from the issues raised in the state court proceeding, whether the parties to the two actions are identical, whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation, and whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time.

*Id.* The proper inquiry asks "how real [is the] prospect that the declaratory action may present factual questions that the state court has also been asked to decide." *Hellman*, 610 F.3d at 379 (citation omitted) (internal quotation marks omitted).

First, the Court finds that the Injury to Worker Exclusion duty to defend claims present a question distinct from the issues raised in the State Suit.[1] Lopez and the Jenny Defendants both

---

[1] Lopez insists that focus on the Injury to Worker Exclusion "dumbs down" the issues. Doc. 105 ¶ 4. However, she does not explain why, if the Injury to Worker Exclusion is valid, the Court would need to determine whether Iatsyshyn was a temporary worker. Rather, she focuses on the complicated analysis

6

insist that deciding the validity of the Injury to Worker Exclusion would require the Court to delve into issues such as whether Iatsyshyn was a temporary worker and whether Polo's agreements with the Jenny Defendants require Scottsdale to cover them under its Policy with Polo—the Court acknowledges that delving into these issues would require the Court to decide similar factual questions as those presented by the State Suit. But, as Lopez recognizes, the Injury to Worker Exclusion "seeks to bar coverage to virtually every person who works on a construction site." Doc. 83 ¶ 18. None of the Defendants argue that Iatsyshyn was not working on the construction site in one form or another, and the Court would not need to go any further to determine whether the Injury to Worker Exclusion bars coverage for the State Suit. Moreover, if the Policy does not cover the type of injuries that Iatsyshyn sustained, it does not matter whether the Jenny Defendants are covered under the Policy—Scottsdale would still have no duty to defend them in the State Suit.

Much of the briefing on the Jenny Defendants' motion to dismiss focuses on the merits of a Subcontractor Contract that Polo and 2450 N. Clybourn entered into in June 2016, which included an indemnification provision that the Jenny Defendants argue includes them on Scottsdale's Policy with Polo (they also provide a Certificate of Insurance issued to Jenny as proof that Scottsdale included them on the Policy). The Jenny Defendants argue that adjudication of this matter will require the Court to decide matters that are also at issue in their crossclaims against Polo in the State Suit.[2] Scottsdale takes on the substance of this argument as

---

that she insists would accompany determining whether Iatsyshyn was a temporary worker, and attacks the validity of the Injury to Worker Exclusion. The actual validity of the Injury to Worker Exclusion goes to the merits of Scottsdale's case, not whether the Court should dismiss or stay pending state proceedings, and the Court declines to consider it at this point in the proceedings.

[2] Scottsdale argues that the Court should not concern itself with whether this suit presents questions distinct from those at issue in the Jenny crossclaims, and should merely focus on Lopez's claims in the State Suit for the purposes of this decision. Doc. 95 at 8. However, they provide no support for this position, and the Court sees no reason why it should draw this distinction.

well. The Court need not reach this issue: if the Injury to Worker Exclusion excludes coverage of Iatsyshyn's injuries, it excludes coverage for "any insured" under the Policy. Thus, the Court need not decide who is insured under the Policy to decide whether the Policy creates a duty to defend against Iatsyshyn's claims.

However, Scottsdale also asks the Court to issue a declaratory judgment that it has no duty to defend Polo under the Employer's Liability Exclusion in Count II of the Second Amended Complaint. This would require the Court to determine whether Iatsyshyn qualified as Polo's employee. Iatsyshyn's exact employment status—whether Polo or one of the Jenny Defendants employed him and the nature of his employment—are two of the issues raised in the State Suit. In the State Suit, Lopez alleges that Polo employed Iatsyshyn as a temporary worker. Scottsdale's attempt to define Iatsyshyn as Polo's employee would require the Court to make a determination adverse to Lopez's claim in the State Suit. Not only do these issues overlap, but they are the exact same issue, and so this factor favors a stay or dismissal of this count of the Second Amended Complaint.

Second, the parties in the two actions are not identical. It is not necessary that the parties in the underlying state suit exactly match the parties in the declaratory federal suit. *Gen. Motors Corp. v. M&G Mgmt.*, No. 02 C 6558, 2003 WL 21501782, at *4 (N.D. Ill. June 25, 2003). After all, the Seventh Circuit has noted that the underlying case does not even necessarily need to be parallel for a court to exercise its discretion not to hear a case. *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010) (noting that, although the classic example of abstention involves parallel proceedings, that "does not mean that abstention is limited to parallel proceedings"). However, the decisions that Lopez and the Jenny Defendants cite where the courts found that the parties were not identical but this factor still favored

8

abstention are distinguishable from the present case. *See, e.g.*, *Ironshore Indem., Inc. v. Synergy Law Grp., LLC*, 926 F. Supp. 2d 1005, 1013 (N.D. Ill. 2013) (finding that "the mere presence of additional parties or issues in one case will not necessarily bar a finding that cases are parallel"); *Indian Harbor Ins. Co. v. Republic Servs., Inc.*, No. 10 C 3310, 2010 WL 3701308, at *2 (concluding that substantially the same parties were litigating both actions, even though one of the parties in the state court action was not named in the federal court action).

Here, the very party bringing the declaratory judgment action is not a party in the State Suit. And the Jenny Defendants' argument that Scottsdale is still involved in the State Suit through its defense of Polo is unpersuasive. First, it appears that Scottsdale is no longer even participating in the State Suit in that capacity. *See* Doc. 95 at 7. Regardless, the Jenny Defendants provide no support for why providing a defense for Polo in the State Suit would allow Scottsdale to represent its own interests (against Polo's interests) in that action. Moreover, in the decision that they cite where the court found it proper to stay the case despite the fact that the parties were not identical, the court specifically noted that this factor weighed in favor of exercising jurisdiction. *St. Paul Fire & Marine Ins. Co. v. Land Title Servs., Inc.*, 483 F. Supp. 2d 745, 749 (E.D. Wis. 2007). A stay or dismissal pursuant to *Wilton-Brillhart* could still be merited despite this factor, but it is clear that this factor does not weigh in favor of a dismissal or stay.

Third, the Court considers whether a decision in this declaratory action would serve a useful purpose or merely create duplicative and piecemeal litigation. As the Seventh Circuit noted in *Zavalis*, "[a]n insured and his insurer have a mutual interest in speedy resolution of the insurer's duty to supply him a defense against a tort claim that may fall outside the coverage of the insurance policy." 52 F.3d at 697; *see also Beil v. Ill. Mun. League Risk Mgmt. Ass'n*, No.

9

16-cv-356-JPG-PMF, 2016 WL 3999895, at *4 (S.D. Ill. July 26, 2016) (finding that "[i]t would be helpful to resolution of the underlying suit to know whether the costs of litigation, including defense, settlement or judgment will be borne by Beil herself or an insurer" and that "[c]larifying who will bear those burdens will allow the right entities to engage in settlement negotiations and to strategize for trial"). Resolution of Scottsdale's duty to defend here would be no different—the parties all have an interest in finding out as soon as possible whether Scottsdale has a duty to defend Polo and the Jenny Defendants. With regard to the Employer's Liability Exclusion, this interest needs to be weighed against the drawbacks of duplicative and piecemeal litigation. Because the Court would need to decide one of the same questions presented in the State Suit, the concern over piecemeal and duplicative litigation outweighs the potential usefulness of a decision and so this factor favors a dismissal or stay of that claim.

Finally, the Court looks to whether comparable relief is available to Scottsdale in another forum or at another time. Illinois law requires an insurer to either defend the insured or seek a declaratory judgment that it has no duty to defend—otherwise, the insurer cannot raise policy coverage defenses for the issue of indemnity. *State Auto Prop. & Cas. Ins. Co. v. Perez*, No. 1:13-cv-01132-MMM-JAG, 2013 WL 12242006, at *6 (C.D. Ill. July 16, 2013) (citing *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 538 (7th Cir. 2006)). In light of this, dismissing the suit could leave Scottsdale without a practical remedy. This factor favors exercising jurisdiction.

All of the factors that the Seventh Circuit instructs courts to consider weigh in favor of exercising jurisdiction over the Injury to Worker Exclusion duty to defend claims. Most importantly, the Court finds that it will not need to delve into factual issues already present in the State Suit in order to decide Scottsdale's Injury to Worker Exclusion duty to defend claims, and so those claims may proceed. However, with regard to the Employer's Liability Exclusion duty

to defend claim against Polo, because the Court finds it will need to decide factual issues already present in the State Suit in order to decide that claim, the Court stays that claim pending the outcome in the State Suit.

### III. *Peppers* Doctrine

Along the same lines of their argument above, Lopez and the Jenny Defendants also move to dismiss or stay under the *Peppers* doctrine. *See Md. Cas. Co. v. Peppers*, 355 N.E.2d 24, 30, 64 Ill.2d 187 (1976). The *Peppers* doctrine mandates that "it is generally inappropriate for a court considering a declaratory judgment action to decide issues of ultimate fact that could bind the parties to the underlying litigation." *Scottsdale Ins. Co. v. City of Waukegan*, No. 13–cv–03088, 2014 WL 3600517, at *2 (N.D. Ill. July 21, 2014) (citations omitted) (internal quotation marks omitted). In *Peppers*, the Illinois Supreme Court faced a type of case similar to the one the Court faces now: an insurance company brought a declaratory judgment action against the insured for determination of liability coverage, while the insured was a defendant in an underlying personal injury action. 355 N.E.2d at 29–30. The trial court decided that the insured intentionally caused injury to the plaintiff in the underlying action. *Id.* at 30. Holding that "[t]he issue was one of the ultimate facts upon which recovery [was] predicated in the [underlying] personal injury action against [the insured]," the Illinois Supreme Court found that the trial court's decision was "premature," and reversed. *Id.*

For the same reasons that the Court found that *Wilton-Brillhart* did not recommend a stay or dismissal of the Injury to Worker Exclusion duty to defend claims, it finds that *Peppers* does not require a stay or dismissal either. As discussed above, the Court does not need to decide any of the issues in the State Suit to decide whether the Injury to Worker Exclusion excludes the injuries alleged in the State Suit from coverage.

11

Both Lopez and the Jenny Defendants place strong emphasis on past decisions involving Scottsdale and the duty to defend. These cases are all distinguishable. *See, e.g.*, *City of Waukegan*, 2014 WL 3600517, at *3 (finding that, because the court would need to make factual determinations upon which liability could be predicated in the underlying suit in order to decide the declaratory judgment suit, dismissal was appropriate pursuant to *Wilton-Brillhart* and *Peppers*); *Scottsdale Ins. Co. v. Vill. of Dixmoor*, No. 13 CV 6392, 2014 WL 1379888, at *3–4 (N.D. Ill. Apr. 8, 2014) (dismissing the counts of a declaratory judgment suit that required the court to decide whether the insured committed misconduct, an issue present in underlying litigation, but not the duty to defend count that did not require such a decision); *Scottsdale Ins. Co. v. Walsh Constr. Co.*, No. 10 C 1565, 2011 WL 4538456, at *5 (N.D. Ill. Sept. 29, 2011) (actually deciding whether Scottsdale had a duty to defend, not whether it was appropriate to dismiss or stay the case). Unlike in *Waukegan* or *Dixmoor*, where the courts would have been called upon to make decisions regarding the insured's conduct that were obviously at issue in the underlying suit, the Court here does not need to make any factual determinations that are at issue in the State Suit in order to decide the Injury to Worker Exclusion duty to defend claims. Because of that, the *Peppers* doctrine does not require the Court to stay or dismiss those claims.

## CONCLUSION

For the foregoing reasons, the Court denies Lopez and the Jenny Defendants' motions to dismiss or stay [83 and 85] with regard to the Injury to Worker Exclusion duty to defend claims, grants their motions to dismiss with regard to the duty to indemnify, and grants their motions for a stay with regard to the Employer's Liability Exclusion duty to defend claim.

Dated: July 25, 2018

_____
SARA L. ELLIS
United States District Judge